## BROWN v. HESS.

(Supreme Court, Appellate Term.   November 27, 1900.)

LANDLORD AND TENANT—ACTION FOR POSSESSION—RENT—NONPAYMENT—EVI
 DENCE—FINDING.
 In an action for possession of certain premises for nonpayment of rent, the landlord stated that the rent was due when proceedings were brought, that the rent became due on the 1st of the month, and that payment was· demanded·when due, but that the tenant failed to pay.   The tenant testified that he mailed a check to the landlord on the day previous to the· trial, but failed to state its amount or the place to which it was sent. *Held,* that a finding for the landlord was justified.

Appeal from municipal court, borough of Manhattan.

Action by William L: Brown against Ludwig Hess for possession of certain premises for nonpayment of rent.   From an order of the municipal court of the city of New York, borough of Manhattan,. awarding possession, the defendant appeals.   Affirmed.

Argued before BEEKMAN, P. J., and GIEGERICH and O'GOR
MAN, JJ.

William S. Katzenstein, for appellant.

William Steele Gray, for respondent.

PER CURIAM. These proceedings were brought to recover possession of certain premises situate in the borough of Manhattan, by reason of the nonpayment of seven months' rent, viz. February, March, April, May, June, July, and August of the year 1900, at $208.33⅓ per month, making in all the sum of $1,456.33. The evidence for the landlord shows that the sum stated was due when the proceedings were brought; that the rent became due on the 1st day of each month; that there was demanded of the tenant payment of the rent for each of the months above specified; and that he failed to pay. Although a general denial only was put in, the tenant testified that on the day previous to the trial he mailed a check to the landlord. The amount of such check was not stated, nor the place to which it is claimed the same was mailed. Inasmuch as the landlord denied having received the check, and since the tenant did not testify to any other payment, the justice was justified in finding, as he did, that the tenant was indebted to the landlord in the entire sum claimed to be due.

There being no other ground of asserted error apparent in the record, the final order must be affirmed, with costs.